UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM MADISON,

                              Plaintiff,

            -against-

ETTA GRAHAM, NEW YORK POLICE
DEPARTMENT, CYRUS VANCE,

                              Defendants.

1:21-CV-4908 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights

while he was residing at the Fort Washington Men's Shelter (the "Shelter"). Specifically,

Plaintiff alleges that (1) on June 1, 2021, Defendant Etta Graham, the Shelter's Director, failed to

protect him from an attack by another Shelter resident; (2) the New York City Police

Department, 33rd Precinct ("NYPD") targeted him; and (3) Manhattan District Attorney Cyrus

Vance ("Vance") failed to investigate Plaintiff's complaint regarding the alleged assault, as well

as his treatment at the Shelter and by the NYPD.

By order dated June 21, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against both private and public individuals and entities. Plaintiff names as Defendants Graham, the Shelter's Director; the NYPD; and District Attorney Vance. In his complaint, Plaintiff does not state which constitutional or federal statutory rights

have been violated. However, in light of Plaintiff's *pro se* status, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983, the Fair Housing Act, 42 U.S.C. § 1981, and the Americans with Disabilities Act of 1990. Plaintiff seeks money damages.

The Court considers the complaint in the context of the following three sets of allegations. First, Plaintiff claims that on June 1, 2021, at the Shelter, Defendant Graham failed to protect him when he was attacked by a man with a sock that had a lock in it. (EFC No. 2, at 5.) Due to this attack, Plaintiff received four stitches to his head (*Id*. at 6, 10-18.) Second, Plaintiff sues Vance because Plaintiff reported the attack to Vance, who failed to investigate the attack. (*Id*. at 6-7.) Further, Plaintiff alleges that he reported to Vance that he was being targeted by the Shelter and the NYPD because he is a Black Muslim man, with both a criminal history and mental health issues. (*Id*.). Plaintiff alleges that Vance did not act on these reports and that since the last time he saw Vance, he "almost lost [his] life 2 times, and [ ] [has] been assaulted 2 times." (*Id*.) Third, Plaintiff alleges that the NYPD has been targeting him because of his race, religion, mental health issues, and criminal history. (*Id*.)

## DISCUSSION

### A. Claims against the NYPD

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Claims against the District Attorney, Cyrus Vance**

Plaintiff brings claims against Vance based on his alleged failure to prosecute the individual who assaulted Plaintiff and to investigate other alleged crimes reported by Plaintiff. But Plaintiff cannot direct prosecuting attorneys to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Nor can Plaintiff initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Accordingly, the Court dismisses all claims brought against Vance for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).[1]

**C.     Claims under 42 U.S.C. § 1983**

**1.     Standard**

Because Plaintiff brings claims against government actors, the NYPD, and District Attorney Vance, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the

---

[1] Additionally, any claims against Vance must be dismissed under the doctrine of prosecutorial immunity, in which absolute immunity applies. *Van de Kamp v. Goldstein,* 555 U.S. 335, 344 (2009).

Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 2. Claims against the City of New York

Plaintiff's allegations against the NYPD, construed as brought against the City of New York, fail to state a claim. As set forth below, the Court grants Plaintiff leave to bring claims against the City of New York.

When a plaintiff sues a municipality under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Finally, the violation of state law, without more, does not give rise to a claim under section 1983. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under section 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.").

Here, Plaintiff fails to state a claim against the City of New York because he does not provide enough facts about the NYPD's alleged targeting of him based on his race, incarceration history,[2] his religion, and his mental health history. In light of Plaintiff's *pro se* status, the Court grants him leave to amend his complaint to add facts in support of his claim against the City of New York regarding this alleged targeting. Plaintiff must provide specific facts about the targeting, any City policy or custom that he claims was the cause of the targeting, and the harm the targeting caused Plaintiff.

### 3. Claims Against Individual Police Officers

Because Plaintiff alleges that officers from the NYPD targeted him, the Court grants him leave to amend his complaint to bring claims against those officers, stating specific facts in support of any claims against the officers.

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

---

[2] A person's status as a formerly incarcerated person is not a protected class under federal law. However, New York State's Human Rights Law provides protection from unlawful discrimination for people with prior criminal convictions. *See* N.Y. H.R.L., art. 15 § 296 (16) (2015). An individual who believes he has been discriminated against based on his criminal history may file a complaint with the New York State Division of Human Rights. *See* N.Y. Human Rights Law, https://dhr.ny.gov/complaint#file (last visited June 24, 2021).

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

If Plaintiff intends to bring claims against an individual officer, he must state facts describing the individual officer's conduct and how that conduct harmed Plaintiff.

### 4. Claims against the Shelter

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity[3] can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

---

[3] Fort Washington Men's Shelter is run by Project Renewal, a private non-profit organization. *See* Project Renewal, https://www.projectrenewal.org (last visited June 28, 2021). Fort Washington Men's Shelter is currently under contract with the New York City Department of Homeless Services. *See Id.*; City Limits, https://citylimits.org (last visited June 28, 2021).

In analyzing whether a private entity acts under color of state law for purposes of section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Providing housing is not a public function because it is not the exclusive province of the state. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). Moreover, the fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982). Further, a private entity does not become a state actor merely by acting in accordance with a state contract. *See, e.g., Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, at *3 (E.D.N.Y. Mar. 4, 2020) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)).

Plaintiff brings section 1983 claims against Graham, the Shelter's Director, but he does not assert facts suggesting that her actions are "attributable" to the City of New York. *See Fabrikant*, 691 F.3d at 207. Specifically, he does not allege (1) that Graham used the coercive power of the City of New York or that she is controlled by the City of New York; (2) that Graham willfully participated in joint activity with the City of New York or that her role is entwined with state policies; or (3) that the City of New York has delegated a public function to Graham. For these reasons, Plaintiff's complaint does not state a claim under section 1983 against the Shelter or Graham.

## D.      Claims under the Fair Housing Act

Although a claim under the Fair Housing Act (FHA) has not been formally pled, the Court construes the complaint as asserting an FHA claim. The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979).

Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). The FHA also bars threats to individuals who rent:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the FHA].

42 U.S.C. § 3617; *see also Francis v. Kings Park Manor*, Inc., 944 F.3d 370, 376 (2d Cir. 2019).

Section 3604 of the FHA makes it unlawful to "discriminate in the [ ] rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. 42 U.S.C. § 3604(f)(1). It also prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a [disability]." 42 U.S.C. § 3604(f)(2). Under certain circumstances, a refusal to make a reasonable accommodation can constitute unlawful discrimination under the FHA. *See* 42 U.S.C. § 3604(f)(3)(B).

"To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

District courts in the Second Circuit have held that the FHA does not apply to certain shelters. *Compare Jenkins v. New York City Dep't of Homeless Servs.*, 643 F.2d 507, 517 (S.D.N.Y. 2009) (noting that the Second Circuit has not addressed whether a shelter offering free housing to the homeless falls under the FHA, but concluding that it did not because the plaintiff

was not offering any consideration in exchange for a room in the shelter, so he was not seeking "to rent" as that term is defined in section 3602(e), *id.* at 519), with *Anonymous v. Goddard Riverside Community Center, Inc.,* No. 96-CV-9198, 1997 WL 475165, *3 (S.D.N.Y. Jul. 18, 1997) (assuming FHA coverage of a residential treatment program for the mentally ill for purposes of legal analysis, and citing favorably to cases finding that homeless shelters and group homes were "dwellings," *id*. at 5 n.4).

Even assuming for purposes of this analysis that the FHA applies here, and that Plaintiff has a disability within the meaning of the FHA, Plaintiff's complaint is insufficient to state a claim upon which relief may be granted because he does not allege that (1) he exercised his rights under the FHA or that (2) Defendants coerced, intimidated, or threatened him, or interfered with his exercise of those rights. *See* 42 U.S.C. § 3617. The only specific fact that Plaintiff alleges – that he takes medication for a long history of mental illness and that the Shelter discriminates against him because of such history – does not suggest that Plaintiff was engaged in exercising his rights under the FHA or that the actions of the Shelter constituted intimidation or retaliation. The Court therefore grants Plaintiff leave to assert a claim under the FHA against the Shelter. If Plaintiff chooses to file an amended complaint raising an FHA claim, he should name the Shelter as a defendant and allege facts suggesting that the Shelter discriminated against him because of his race or disability (or both), or that the Shelter violated, interfered or otherwise intimidated, coerced, or threatened Plaintiff in connection with his race or disability.

### E. Claims under 42 U.S.C. § 1981

The Court also construes the complaint as asserting claims under 42 U.S.C. § 1981 against the Shelter. Section 1981 prohibits discrimination on the basis of race, color, and ethnicity when making and enforcing contracts. *See CBOCS W., Inc. v. Humphries*, 533 U.S.

442,445 (2008). Claims under section 1981 can be brought against public or private entities, so long as the parties formed a contract. *See Johnson v. City of New York*, 669 F. Supp. 2d 444, 449 (S.D.N.Y. 2009)

To state a claim under section 1981, a plaintiff must allege facts suggesting that (1) he is a member of a racial minority; (2) Defendants intended to discriminate against him on the basis of his race; and (3) the discrimination concerned one of the statute's enumerated activities, *see Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993) (per curiam), including the right  "to make and enforce contracts," 42 U.S.C. § 1981(a); *see Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000).

Any claim brought under section 1981 must identify "an impaired contractual relationship" under which the plaintiff has rights. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

Here, Plaintiff alleges that Graham discriminated against him because Plaintiff is Black, but he does not provide any additional facts describing this alleged discrimination. The Court therefore grants Plaintiff leave to amend this claim to state facts suggesting that he was discriminated against in the creation or enforcement of a contract due to his race. Should Plaintiff bring such a claim, he should name the Shelter as a defendant.

F.     **Claims under the Americans with Disabilities Act of 1990 (ADA):**

The Court construes the complaint as asserting claims under Title III of the ADA against the Shelter based on Plaintiff's allegation that he has a history of mental illness.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The statute further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

42 U.S.C. § 12182(b)(1)(A)(ii); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Under the ADA, a "plaintiff may base her discrimination claim on one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation."[4] *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016); *see, e.g.*, *Lopez v. City of New York*, ECF 1:17-CV-3014, 58, 2017 WL 4342203, at *10 (S.D.N.Y. Sept. 28, 2017), *report and recommendation adopted*, ECF 1:17-CV-3014, 67, 2018 WL 1371164 (S.D.N.Y. Mar. 15, 2018).

Generally, the proper defendant in a claim under Title III is the entity. *See Harris v. Mills,* 572 F.3d 66, 72–73 (2d Cir. 2009) (holding that individuals can only be sued under the ADA in their official capacities for prospective injunctive relief).

Here, the Court grants Plaintiff leave to assert claims against the Shelter under Title III of the ADA. If Plaintiff chooses to bring an ADA claim, his amended complaint should include facts indicating that the Shelter discriminated against him due to his history of mental illness.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[4] While these three theories of liability have been addressed for Title II of the ADA, the Second Circuit has read the requirements of Title II and Title III as being consistent with each other. *Mary Jo C. v. N.Y.S. & Local Ret. Sys.*, 707 F.3d 144, 159 n.6 (2d Cir. 2013). Therefore, this standard also applies to Title III cases.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state valid section 1983 claims

against the City of New York and section 1981, FHA, and ADA claims against the Shelter, the

Court grants Plaintiff 60 days' leave to amend his complaint to provide more facts about his

claims. The Court also grants Plaintiff leave to name as defendants the Fort Washington Shelter

for Men and individual NYPD officers.

If Plaintiff amends his complaint, he must identify all of the Defendants he intends to sue.

This includes naming as the Defendant(s) in the caption[5] and in the statement of claim any

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the name of a particular individual defendant, he may refer to that individual as "John

Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of

John Doe defendants, however, does *not* toll the three-year statute of limitations period

governing this action and Plaintiff shall be responsible for ascertaining the true identity of any

"John Doe" defendants and amending his complaint to include the identity of any "John Doe"

defendants before the statute of limitations period expires. Should Plaintiff seek to add a new

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "NYPD Officer John Doe #1 on duty, August 20, 2020, during the 7-3 p.m. shift."

claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 21-CV-2145 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 1, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                      Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                      Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                      Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4: _____

                First Name               Last Name

_____

                Current Job Title (or other identifying information)

_____

                Current Work Address (or other address where defendant may be served)

_____

                County, City            State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.